## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO. 8:12CR275 |
| vs. | |
| RONALD WAYNE WINFREY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Findings and Recommendation issued by Magistrate Judge Thomas D. Thalken (Filing No. 33), in which Judge Thalken recommends that the motion to suppress filed by Defendant Ronald Winfrey (Filing No. 26) be denied.  As allowed by 28 U.S.C. § 636(b)(1) and NECrimR 59.2(a), Defendant filed objections to the Findings and Recommendation and a supporting brief.  (Filing No. 41.)  The government has not filed a response, and the time to do so has expired.  Accordingly, the matter is ready for disposition.  For the reasons stated below, the Court finds that Defendant's objections to the Findings and Recommendation should be overruled, the Findings and Recommendation should be adopted in its entirety, and Defendant's motion to suppress should be denied.

### PROCEDURAL BACKGROUND

On July 31, 2012, law enforcement executed two search warrants in relation to an investigation of Defendant, the first for 1861 North 115th Plaza, Apt. 3609 ("residence"), *see* Case No. 8:12-mj-230-FG3, and the second for Public Storage, 6425 South 86th Street, Unit #A1 ("storage unit"), *see* Case No. 8:12-mj-233-FG3.  Defendant was subsequently charged in Count 1 of the Indictment under 21 U.S.C. § 841(a)(1) and

(b)(1) with conspiracy to distribute in excess of 100 kilograms of marijuana, in Counts 2-10 under 21 U.S.C. § 841(a)(1) with distribution of marijuana, and in Count 11 under 18 U.S.C. §§ 1957 and 2 with engaging in and attempting to engage in a monetary transaction with criminally derived property of a value greater than $10,000.00. (*See* Filing No. 1.)

On October 31, 2012, Defendant filed the instant motion to suppress the evidence seized in the search of the residence and the storage unit.[1]  In his brief in support of the motion to suppress, Defendant argues that the "Affidavit and Application for the Search Warrant is deficient on its face as to both warrants" because the "affidavit lacks probable cause that contraband or other evidence of crime would be located" at the storage unit or the residence. (Filing No. 28 at 3-4.)  The matter was set for an evidentiary hearing before Judge Thalken on November 28, 2012.

---

[1] The government, in its response to the motion to suppress, states that on July 31, 2012, prior to the execution of the search warrants, Defendant's vehicle was pulled over for a traffic violation and Defendant was taken into custody on narcotics charges. (Filing No. 27 at 10.)  The government further states that law enforcement asked Defendant for consent to search his vehicle, and that Defendant granted such consent. (*Id.*)  Additionally, the government states that, after Defendant was advised of his *Miranda* rights, he made statements to the officers regarding his involvement in the distribution of marijuana. (*Id.*)

Defendant asserts in his motion to suppress that the search of his vehicle was not conducted with valid consent or otherwise justified by an exception to the requirements of a search warrant, in violation of the Fourth Amendment, and that the contemporaneous arrest of Defendant was unlawful. (Filing No. 26 at 1.)  Therefore, in his motion, Defendant asks that all evidence seized and all post-*Miranda* statements of Defendant be suppressed. (*Id.*)  However, at the November 28, 2012 evidentiary hearing, counsel for Defendant stated that he does not contest "the legality of the arrest" of Defendant and that "[t]he real issues for the suppression hearing today go to the two warrants – the affidavits used to search a residence and a public storage unit." (Filing No. 36 at 2.)  Accordingly, Judge Thalken found that, because "defendant has foregone any further challenges to the arrest and to the statements other than those being product of an unlawful search," such challenges are "meritless." (*Id.* at 14.)  Defendant does not make any objection to this finding.

2

At the November 28, 2012 evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law and written Findings and Recommendation. (Filing No. 36 at 8-15.)  Judge Thalken concluded as follows:

> [T]here was evidence in the affidavit which set forth facts sufficient to create a fair probability that evidence of a crime would be found in the residence and at the storage unit.  Therefore, probable cause exists to search the residence and the storage unit.

(*Id.* at 14.)  Accordingly, Judge Thalken recommends that the motion to suppress be denied.  (*Id.* at 15.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), the Court must make a de novo determination of those specified portions of the Findings and Recommendation to which a party has objected.  In order to trigger such review, the objections must be sufficiently specific, addressing particular findings or conclusions of the Magistrate Judge or asserting specific allegations of error.  *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) ("[O]bjections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."); *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.")); *see also* NECrimR 59.2(a) ("The party [filing a statement of objections] must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections. The statement of objections should also indicate whether the party relies on a

previously or newly filed brief.  A party may not merely reference or refile the original brief submitted to the magistrate judge.").  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.  *Id.*

## STATEMENT OF FACTS

Judge Thalken provided a thorough account of the facts of this case.  (*See* Filing No. 36 at 8-11.)  There are no objections to Judge Thalken's factual findings.  Based on a de novo review of the record the Court adopts those factual findings.

Briefly stated, the search warrant affidavits detail the investigations of Defendant's drug trafficking activities and his finances.  With regard to drug trafficking activities, on March 29, 2012, ATF Special Agent Donald Mann ("Special Agent Mann") interviewed a confidential informant ("CI"), who stated that s/he regularly purchased marijuana from Defendant.  A controlled buy was arranged and, later that day, the CI purchased approximately three pounds of marijuana from Defendant.  Another controlled buy was arranged for April 3, 2012, at which Defendant sold to the CI approximately two pounds of marijuana.  Prior to this transaction, law enforcement personnel established surveillance of the residence.  Pursuant to this surveillance, they noted that Defendant left the residence and drove straight to the meeting location.  On April 10 and 19, May 1 and 25, June 8, and July 10, 2012, Special Agent Mann purchased marijuana from Defendant, in amounts ranging from a quarter of a pound to five and a quarter pounds.  For these transactions, law enforcement noted or a Court-

authorized GPS tracker revealed that Defendant left his residence and drove straight to the meeting location.

The affidavits also describe an investigation of Defendant's finances, including the purchase of a 2012 Dodge Challenger.  The CI indicated that Defendant's sole means of support was from trafficking marijuana.  Further, Defendant made statements to Special Agent Mann that he purchased a 2012 Dodge Challenger with the proceeds of selling "a lot of" marijuana.  Surveillance of Defendant indicated that the 2012 Dodge Challenger was stored in the storage unit.

## ANALYSIS

Defendant generally objects to Judge Thalken's "finding of probable cause in both search warrant affidavits" and in his recommendation that the "motion to suppress be denied," without further indicating specific allegations of error.[2]  (Filing No. 41 at 1.) Indeed, in support of these objections, Defendant's counsel submits a brief that is substantively similar to the pre-hearing brief submitted in support of the motion to suppress.  Nevertheless, the Court has conducted a de novo review of Judge Thalken's findings regarding both search warrant affidavits and his recommendation that the motion to suppress be denied.

An affidavit establishes probable cause if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be

---

[2] With regard to the search of the residence, counsel for Defendant stated at the November 28, 2012 evidentiary hearing that, "[w]ithout completely conceding [the warrant for the residence] . . . I would generally concede that that warrants generally supported by the probable cause."  (Filing No. 36 at 5.)  Nevertheless, Defendant does generally object to Judge Thalken's finding with regard to "both search warrant affidavits."  (Filing No. 41 at 1.)

found in the place to be searched.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A probable cause determination is based on the totality of the circumstances.  *United States v. Morales*, 923 F.2d 621, 623-24 (8th Cir. 1991).  "When the affidavit supporting the search warrant sets forth facts sufficient to create a fair probability that evidence of a crime will be found in the place to be searched, probable cause exists."  *United States v. McArthur*, 573 F.3d 608, 613 (8th Cir. 2009) (quotation omitted).  When considering the issue of probable cause, a court should employ a "common-sense reading" of the entire affidavit, which includes a "practical, factual, and nontechnical" analysis.  *United States v. Seidel*, 677 F.3d 334, 337-38 (8th Cir. 2012).

Applying the relevant principles, the Court concludes that the search warrant affidavits are replete with probable cause. The affidavits show that for a period of over three months, on eight separate occasions, and as recently as seventeen days prior to application for and twenty-one days prior to execution of the search warrants, Defendant sold marijuana at a predetermined meeting location to either a CI or Special Agent Mann.  Law enforcement noted, or a GPS tracker revealed that, prior to these transactions, Defendant left the residence and drove straight to the meeting location. Further, the affidavits show that Defendant made statements to Special Agent Mann that he purchased a 2012 Dodge Challenger with the proceeds of selling a large amount of marijuana, and surveillance revealed that he kept the vehicle in the storage unit. Considering the affidavits in their entirety, particularly the pattern of criminal behavior described therein, there is no reason to believe that contraband or evidence of criminal activity would not be found at the residence or the storage unit.   Accordingly, the objections are overruled.

6

For the above stated reasons,

IT IS ORDERED:

1.      Defendant Ronald Winfrey's objections to the Findings and Recommendation (Filing No. 41) are overruled;

2.      Magistrate Judge Thomas D. Thalken's Findings and Recommendation (Filing No. 33) is adopted in its entirety; and

3.      Defendant Ronald Winfrey's motion to suppress (Filing No. 26) is denied.

Dated this 10th day of January, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge